IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA BRAUN,<br><br>      Plaintiff,<br><br>v.<br><br>C.R. BARD, INC.,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING (1) PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY (DOC. NO. 30) AND (2) PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL (DOC. NO. 33)**<br><br>Case No. 2:18-cv-00823-DB-DAO<br><br>Judge Dee Benson<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are Plaintiff Patricia Braun's Motion for Extension of Discovery (Doc. No. 30) and Short Form Discovery Motion to Compel (Doc. No. 33). Ms. Braun seeks to extend the fact discovery deadline to allow her to depose a supervisor of John Morris, a former employee of Defendant C.R. Bard, Inc. ("Bard"), who she alleges was similarly situated to her for purposes of her employment discrimination claims against Bard. (Mot. for Extension of Disc. ("Mot. for Extension") 1–2, Doc. No. 30.) Ms. Braun also seeks to compel Bard to produce documents related to Mr. Morris' work performance. (Pl.'s Short Form Disc. Mot. to Compel ("Mot. to Compel") 1, Doc. No. 33.) Bard opposes the motions, arguing the discovery sought is irrelevant because Mr. Morris was not similarly situated to Ms. Braun and arguing Ms. Braun has failed to show good cause to extend the fact discovery deadline. (Def.'s Opp'n to Pl.'s Short Form Disc. Mot. ("Opp'n to Mot. to Compel") 1, Doc. No. 35; Def.'s Opp'n to Pl.'s

Mot. for Extension ("Opp'n to Mot. for Extension") 1–5, Doc. No. 34.)  Having considered the briefing on the motions, the court GRANTS the motions for the reasons set forth below.

## BACKGROUND

Ms. Braun has asserted claims against Bard for gender and religious discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of the Age Discrimination in Employment Act of 1967.  (Compl. 2–10, Doc. No. 2.)  She was employed by Bard as an administrative assistant in the "International Team" and was supervised by Keyne Monson.  (*Id.* at 3, 8.)  Ms. Braun alleges Mr. Monson treated her and other female employees less favorably than male employees, and alleges she was terminated after being falsely accused of ethics and compliance violations related to obtaining a travel visa for another employee.  (*Id.* at 3, 6.)  She claims Mr. Morris was a similarly situated male employee who was treated more favorably than her because he was placed on a performance improvement plan (PIP) for performance issues rather than terminated.  (*Id.* at 4, 6; Mot. for Extension 1–2, Doc. No. 30; Mot. to Compel 2, Doc. No. 33.)

Ms. Braun deposed Mr. Morris on June 25, 2020, shortly before the July 1, 2020 close of fact discovery.  (*See* Mot. for Extension 1, Doc. No. 30; Order Granting Pl.'s Unopposed Mot. for Extension of Disc. 1, Doc. No. 28.)  Mr. Morris testified that he was employed as an "international regulatory affairs specialist" and was supervised by Susan Scott and Jessica Smith, among others.  (Ex. 1 to Pl.'s John Morris Tr. Submissions, 6/25/20 Dep. of John Morris ("Morris Dep.") at 50:7–10, 62:18–21, Doc. No. 38-1; Ex. A to John Morris Tr. Submission, Morris Dep. at 24:2–21, Doc. No. 37-1.)  He explained that Keyne Monson was vice president of the international team but was not in his direct management chain.  (Morris Dep. at 49:23–50:6; 53:11–14, Doc. No. 38-1.)  However, because Mr. Morris' work impacted Mr. Monson's team,

Mr. Morris believed Mr. Monson would have known about his performance issues.  (*Id.* at 50:25–51:8, 55:4–14.)  Mr. Morris testified he "couldn't imagine that if there was a problem, as [Mr. Monson] saw it, that it wouldn't have had an impact on how Jessica Smith and Susan Scott were reacting to the PIP."  (*Id.* at 63:5–8.)  Further, Mr. Monson confirmed during his deposition that Ms. Scott informed him about Mr. Morris' performance issues and that he was being placed on a PIP.  (Ex. A. to Opp'n to Mot. for Extension, 9/6/19 Dep. of Keyne Monson ("Monson Dep.") at 119:5–18, Doc. No. 34-1.)  He indicated that Ms. Scott informed him about Mr. Morris' performance issues because his "work was focused on international," which "could impact the broader goals" of Mr. Monson's international team.  (*Id.* at 119:19–25.)

On July 1, 2020, the close of fact discovery, Ms. Braun filed the instant motion for a fifteen-day extension of the fact discovery deadline[1] to allow her to depose Ms. Scott about "the extent to which Keyne Monson played any role in the decision not to terminate Mr. Morris based on his performance."  (Mot. for Extension 2, Doc. No. 30.)  Ms. Braun also seeks to compel Bard to produce documents in response to her Request for Production of Documents No. 9, which requests "[a]ll documents related to the work performance of John Morris at all times during his tenure."  (Mot. to Compel 1, Doc. No. 33; Ex. 1 to Mot. to Compel, Def.'s Resps. and Objs. to Pl.'s Doc. Reqs. 7, Doc. No. 33-1.)  Bard objects to this request on the basis that the documents are "not relevant to the claims or defenses in this action" because Ms. Braun "was not similarly

---

[1] The motion also requests a thirty-day extension of all subsequent case deadlines.  (Mot. for Extension 2–3, Doc. No. 30.)  After the motion was fully briefed, Bard filed an Unopposed Motion to Extend Dispositive Motion Deadline (Doc. No. 39), and the court entered a Fourth Amended Scheduling Order (Doc. No. 40) extending the dispositive motion deadline and all subsequent deadlines by more than thirty days.  Accordingly, Ms. Braun's request to extend the other case deadlines is moot.

situated to Mr. Morris."  (Ex. 1 to Mot. to Compel, Def.'s Resps. and Objs. to Pl.'s Doc. Reqs. 7,

Doc. No. 33-1.)  Bard also objects to the request on "the grounds of privacy."  (*Id.*)

## DISCUSSION

### A.  Relevance of the Requested Discovery

Ms. Braun contends the requested discovery—Susan Scott's deposition and the

documents concerning Mr. Morris' work performance—is relevant to determining whether Mr.

Morris and Ms. Braun were similarly situated, for purposes of showing pretext for her gender

discrimination claim.  (Mot. for Extension 1–2, Doc. No. 30; Mot. to Compel 2, Doc. No. 33.)

Bard responds that the discovery is irrelevant because Mr. Morris and Ms. Braun were not

similarly situated, asserting (1) they did not have the same supervisor, (2) they had different jobs

with different standards governing performance evaluation and discipline, and (3) their

respective misconduct was not comparable.  (Opp'n to Mot. for Extension 2–4, Doc. No. 34;

Opp'n to Mot. to Compel 2–3, Doc. No. 35.)

Rule 26(b) of the Federal Rules of Civil Procedure allows parties to "obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope

of discovery need not be admissible in evidence to be discoverable."  *Id.*

To prove a Title VII discrimination claim, if an employer proffers a nondiscriminatory

reason for taking adverse employment action against the plaintiff, the plaintiff may show the

reason was pretextual "'by providing evidence that [she] was treated differently from other

similarly situated, nonprotected employees who violated work rules of comparable seriousness.'"

*Green v. New Mexico*, 420 F.3d 1189, 1194 (10th Cir. 2005) (quoting *Kendrick v. Penske

Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000)).  "A similarly situated employee is

4

one who 'deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline.'" *Id.* (quoting *Kendrick*, 220 F.3d at 1232). "Work histories, company policies applicable to the plaintiff and the comparator, and other relevant employment circumstances should be considered when determining whether employees are similarly situated." *Id.*

The court finds the discovery sought by Ms. Braun is relevant to her Title VII discrimination claims. First, although Mr. Monson was not Mr. Morris' direct supervisor, deposition testimony provided to the court indicates that he might have had some impact on Mr. Morris' discipline. As described above, Mr. Morris testified his work affected Mr. Monson's team, he believed Mr. Monson would have been aware of his performance issues, and "if there was a problem, as [Mr. Monson] saw it," it would have had an impact on how Mr. Morris' supervisors, including Ms. Scott, reacted to his PIP. (Morris Dep. at 50:25–51:8, 55:8–14, 63:5–8, Doc. No. 38-1.) Further, Mr. Monson confirmed that because Mr. Morris' work could impact his team, Ms. Scott informed him about Mr. Morris' performance issues and that he was being placed on a PIP. (Ex. A. to Opp'n to Mot. for Extension, Monson Dep. at 119:5–25, Doc. No. 34-1.) This testimony is sufficient to raise the possibility that Mr. Monson, although not directly supervising Mr. Morris, might have been involved in decisions regarding his discipline to some degree. To the extent Mr. Monson was involved, his disciplinary actions against Mr. Morris could be relevant to Ms. Braun's claim that she was treated less favorably. *See Rivera v. City & Cty. of Denver*, 365 F.3d 912, 923 (10th Cir. 2004) (considering discipline imposed on other employees by a supervisor who did not directly terminate the plaintiff's employment but "was unquestionably involved in the investigation of [the plaintiff's] alleged misconduct" and recommended his dismissal). The court finds the requested documents concerning Mr. Morris'

work performance and the proposed deposition of his supervisor, Ms. Scott, relevant to determine the extent (if any) of Mr. Monson's involvement in his discipline for purposes of determining whether the two employees were similarly situated and subjected to disparate treatment by Mr. Monson.

Second, although Mr. Morris and Ms. Braun had different job titles, the discovery sought could provide evidence relevant to determining whether they were subject to the "same standards governing performance evaluation and discipline." *Green*, 420 F.3d at 1194 (internal quotations omitted). Likewise, the discovery Ms. Braun seeks regarding Mr. Morris' work performance is relevant to determining whether Mr. Morris and Ms. Braun "violated work rules of comparable seriousness." *Id.* (internal quotations omitted); *see id.* ("Work histories, company policies applicable to the plaintiff and the comparator, and other relevant employment circumstances should be considered when determining whether employees are similarly situated.").

Finally, the court notes that Bard's arguments against the requested discovery are largely directed at the merits of Ms. Braun's claim that Mr. Morris is similarly situated.[2] (*See, e.g.*, Opp'n to Mot. to Compel 1, Doc. No. 35 ("The documents are not relevant because [Mr.] Morris is not similarly situated to [Ms.] Braun."); Opp'n to Mot. for Extension 4, Doc. No. 34 ("[N]othing suggests that [Mr.] Morris is similarly situated to [Ms.] Braun.")). The court does not have the full factual record before it on the present motions and cannot and will not determine at this stage of the case whether Ms. Braun and Mr. Morris are similarly situated. The

---

[2] Bard's opposition to the motion to compel does not address the privacy objection set forth in its response to Ms. Braun's document request concerning the production of documents relating to Mr. Morris' work performance. In any event, to the extent Bard has concerns regarding privacy, the documents can be produced, as warranted, under the confidential or attorney's-eyes-only designations permitted under the standard protective order that applies in every case. *See* DUCivR 26-2(a).

court simply finds the requested discovery is relevant to this determination.  Further, the requested discovery is limited, consisting of the production of documents concerning one single employee's work performance and one additional deposition of a supervisor.  Given the limited and targeted nature of the discovery sought, the court finds this additional discovery is proportional to the needs of this case.

### B.  Good Cause for the Requested Extension

Bard also contends Ms. Braun failed to show good cause to extend the fact discovery deadline, arguing she provided no adequate explanation for her delay in deposing Ms. Scott. (Opp'n to Mot. for Extension 4–5, Doc. No. 34.)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009) (unpublished) (internal quotations omitted).

Ms. Braun suggests the need for Ms. Scott's deposition arose from Mr. Morris' deposition on June 25, 2020, which was only a few days before the close of fact discovery.  (*See* Mot. for Extension 1–2, Doc. No. 30.)  However, as Bard notes, Ms. Braun identified Mr. Morris as a similarly situated employee in her Complaint (*see* Compl. 4, 6, Doc. No. 2), and she has known of Ms. Scott's involvement in Mr. Morris' discipline since at least September of 2019 when Mr. Monson discussed her in his deposition.  (Ex. A. to Opp'n to Mot. for Extension, Monson Dep. at 119:9–18, Doc. No. 34-1.)  Nevertheless, as set forth above, Mr. Morris' deposition provided additional information about Mr. Monson's possible involvement in his discipline, and Ms. Scott's deposition is relevant to determining the extent of that involvement

for purposes of the disparate treatment claim.  Additionally, the requested extension is limited in time and scope and will not interfere with subsequent case deadlines now that these deadlines have been extended at Bard's request.  (*See* Fourth Amended Scheduling Order, Doc. No. 40; Def.'s Unopposed Mot. to Extend Dispositive Mot. Deadline, Doc. No. 39.)  Under these circumstances, the court finds good cause to extend the fact discovery deadline to allow Ms. Braun to depose Ms. Scott.

<u>**CONCLUSION**</u>

For these reasons, the court GRANTS Ms. Braun's Motion for Extension of Discovery (Doc. No. 30) and Short Form Discovery Motion to Compel (Doc. No. 33).  The fact discovery deadline is extended until August 14, 2020 solely to permit Ms. Braun to depose Susan Scott. Further, Bard is ORDERED to produce documents responsive to Plaintiff's Request for Production No. 9 within ten (10) days of the date of this order.

DATED this 21st day of July, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge